1

2

3

4

5

6

7

8          UNITED STATES  DISTRICT COURT

9           Northern District of California

10              San Francisco Division

11  DEUTSCHE BANK NATIONAL TRUST              No. C 14-03170 LB
    COMPANY, AS TRUSTEE FOR ARGENT
12  SECURITIES INC. ASSET-BACKED PASS-        **ORDER DIRECTING THE CLERK**
    THROUGH CERTIFICATES SERIES 2006-         **OF THE COURT TO REASSIGN THIS**
13  W3,                                       **ACTION TO A DISTRICT JUDGE**

14                 Plaintiff,                 **REPORT AND RECOMMENDATION**

15       v.                                   [Re: ECF No. 1]

16  MARIA YOUNG, LAWRENCE E. YOUNG,
    and EVANGELINA YOUNG,

17                 Defendant.
    _____/
18

19                      **INTRODUCTION**

20      On December 27, 2013, Plaintiff Deutsche Bank National Trust Company, as Trustee for Argent

21  Securities Inc. Asset-Backed Pass-Through Certificates Series 2006-W3 ("Deutsche Bank"), brought

22  an unlawful detainer action against Defendants Maria Young, Lawrence Young, and Evangelina

23  Young (collectively, "Defendants"), in Contra Costa County Superior Court.  *See* Complaint, Notice

24  of Removal Ex. A, ECF No. 1 at 11.[1]  On July 14, 2014, Defendants removed the action to federal

25  court.  *See* Notice of Removal, ECF No. 1.  All parties have not yet consented to the jurisdiction of a

26

27  _____

28      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
    number at the top of the document, not the pages at the bottom.

C 14-03170 LB
ORDER; REPORT AND RECOMMENDATION

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   magistrate judge. *See generally* Docket. Because the court lacks jurisdiction over this dispute, the

2   court **ORDERS** that the Clerk of the Court reassign the action to a district judge, and

3   **RECOMMENDS** that the newly-assigned district judge remand the action to Contra Costa County

4   Superior Court.

5                                          **STATEMENT**

6       Plaintiff Deutsche Bank claims to be the owner of the property located at 2432 Ohatch Drive,

7   San Pablo, CA 94806 (the "Property"). *See* Compl., ECF No. 1 at 11, ¶ 2. Deutsche Bank

8   purchased the Property on or about October 30, 2013, at a trustee's sale. *See id.* ¶ 3. Deutsche Bank

9   alleges that Defendants have occupied the Property "since the foreclosure sale without the consent

10  of Plaintiff." *See* Compl. ECF No. 1 at 12, ¶ 5.

11      On December 12, 2013, Deutsche Bank served the Defendants Maria Young, Lawrence Young,

12  Evangelina Young, and all unknown occupants with a "Notice to Quit." *See* Compl., ECF No. 1 ¶ 6;

13  Notice to Quit, Notice of Removal Ex. B, ECF No. 1 at 17-21. On December 27, 2013, Deutsche

14  Bank filed an unlawful detainer complaint in Contra Costa County Superior Court seeking to evict

15  Defendants from the Property where they lived. Compl., ECF No. 1. Plaintiff did not provide proof

16  that it served all three named Defendants with the Complaint. Plaintiff indicated on the Civil Case

17  Cover Sheet that the amount demanded is "limited," meaning $25,000 or less. *See* Civil Cover

18  Sheet, Notice of Removal, Ex. A, ECF No. 1.

19      On July 14, 2014, the Defendants removed the action to the United States District Court for the

20  Northern District of California, asserting that the court has original jurisdiction based upon title 28

21  sections 1331, 1441(a), and 1443(1) of the United States Code, and explained that although the

22  amount in controversy does "not exceed $10,000 . . . due to civil rights violations which it is

23  intended this Court remedy, the amount in controversy exceeds $75,000." Notice of Removal, ECF

24  No. 1 at 2. Defendant Maria Young asserts that the allegations in this case against her are in

25  violation of her "civil rights on the basis of [her] national origin, namely Hispanic (as a US citizen)."

26  *Id.* at 3, ¶ B. Defendant Maria Young filed a consent to magistrate judge jurisdiction on July 17,

27  2014, however, neither Lawrence Young nor Evangelina Young have filed consents for removing

28  this action to this court. Consent/Declination to Magistrate Judge Jurisdiction, ECF No. 3; *see*

UNITED STATES DISTRICT COURT
For the Northern District of California

*generally* Docket.

On August 11, 2014, Plaintiffs filed an objection to Defendant's notice of removal and served only Defendant Maria Young with its objection. Plaintiff's Objection to Defendant's Notice of Removal ("Objection"), ECF No. 4; Objection, ECF No. 4-2 at 2. Plaintiff argues that Defendants have not and "cannot point to any language in Plaintiff's Complaint that raises a federal question because Plaintiff's Complaint sets forth only one cause of action for Unlawful Detainer, which arises under California state law not under federal law." Objection, ECF No. 4 at 3. Plaintiff also argues that Defendants have failed to "show by a preponderance of the evidence that Plaintiff's . . . Complaint seeks damages in excess of $75,000," which is the threshold amount required for purposes of diversity jurisdiction. *Id.* at 4. Plaintiff asserts that removal is also improper for lack of diversity of citizenship. *Id.* Thus, Plaintiff concludes that Defendants did not satisfy their burden of showing that removal was appropriate. *Id.*

Defendant Maria Young filed an opposition to Plaintiff's objection to Defendant's notice of removal on August 25, 2014. Maria Young's Opposition to Plaintiff's Objection to Defendant's Notice of Removal ("Opposition"), ECF No. 7. Defendant argues that her "14th Amendment rights have been violated in large part due to her national origin (Hispanic)." *Id.* at 2. Defendant asserts that the Federal Housing Act ("FHA") protects her from national origin and ethnicity discrimination. *Id.* Defendant requests in her opposition to amend the Notice of Removal to specifically allege violations of the FHA. *Id.* Defendant asserts that "the amount in controversy does exceed $75,000 because of the civil rights violations." *Id.* Therefore, Defendant requests that the court allow the removal complaint to proceed before the federal district court. *Id.*

## ANALYSIS

## I. FEDERAL QUESTION JURISDICTION DOES NOT EXIST

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(b). The removing defendant

---

[2] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl.1.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    has the burden of proving the basis for the federal court's jurisdiction. *Shizuko Nishimoto v.*

2    *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).  Removal jurisdiction statutes are

3    strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941);

4    *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

5        The "well-pleaded complaint" rule requires a federal question to be presented on the face of the

6    plaintiff's complaint *at the time of removal* for federal-question jurisdiction to exist.  *Duncan v.*

7    *Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added).  A plaintiff may, "by eschewing

8    claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v.*

9    *Williams*, 482 U.S. 386, 399 (1987).  And an anticipated federal defense is not sufficient to confer

10   jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*,

11   463 U.S. 1, 10 (1983).  But a plaintiff may not defeat removal by omitting necessary federal

12   questions from his or her complaint. *Id.* at 22.

13       Here, the Defendant's notice of removal cites, on its face, a number of federal statutes as grounds

14   for federal question jurisdiction. *See* Notice of Removal, ECF No. 1 at 2.  It is well established that

15   unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-

16   question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL

17   1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011

18   WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203

19   GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  However, Defendants argue that

20   the court has jurisdiction over this action under title 28, section 1443(1).  Notice of Removal, ECF

21   No. 1 at 2.  Section 1443(1) requires that Defendants satisfy the following two-part test:

22       1) it must appear that the removal notice is asserting a right under a federal law protecting civil
         rights stated in terms of racial equality (rather than constitutional or statutory provisions of

23       general applicability or under statutes not protecting against racial discrimination); and
         2) it must appear that the party seeking removal *cannot enforce the specified federal right in the*

24       *state courts* because of a state statute or constitutional provision that purports to command the
         state courts to ignore the federal rights.

25
     *City of Greenwood, Miss v. Peacock*, 384 U.S. 808, 824-28 (1966); *Patel v. Del Taco, Inc.*, 446 F.3d

26   996, 999 (9th Cir. 2006); *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).

27       To satisfy the first prong, Defendants argue it is essential that the court rule on this action

28   because Defendant Maria Young's civil rights were violated based on her national origin, which is

Hispanic.  Notice of Removal, ECF No. 1 at 3.  For the second prong, Defendants argue that because Plaintiff understands that section 128.7 of the California Code of Civil Procedure provides an implied "certification" as to the legal and factual merits of a pleading motion or similar paper filed with the court, Plaintiff has used that implied certification to prevent Defendants from fully and accurately presenting their case.  *Id.*  Thus, Defendants assert that their due process and equal protection rights under the 14th Amendment to protect their tenancy was denied.  *Id.*  Also, Defendants argue their equal protection rights were compromised in the underlying state court unlawful detainer lawsuit because rules of evidence prohibited, under objection, evidence from being admitted without authentication and personal knowledge.  *Id.*  In Defendant Maria Young's opposition, she asserts that the FHA protects her from national origin and ethnicity discrimination.  Opposition, ECF No. 7 at 2.

Defendants' arguments are federal defenses, and federal defenses do not confer jurisdiction.  Therefore, the court can remand this case to state court because it lacks federal question jurisdiction.

## II. DIVERSITY JURISDICTION DOES NOT EXIST

Federal courts also have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states).  *See* 28 U.S.C. § 1441(b).

First, the amount in controversy for this removal does not exceed $75,000, which is the amount required by statute for the court to have diversity jurisdiction.  28 U.S.C. § 1332(a).  In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession.  *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)).  Deutsche Bank filed an unlawful detainer complaint seeking damages of less than $25,000.  *See* Civil Cover Sheet, ECF No. 1.  Therefore, that amount does not meet the threshold requirement for the court to have diversity jurisdiction.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal is

UNITED STATES DISTRICT COURT
For the Northern District of California

not proper because the unlawful detainer suit was filed in California, and the Defendants are California citizens. *See* Notice of Removal, ECF No. 1, ¶ A. Title 28, section 1441(b) of the United States Code prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. Defendants argue in their Notice of Removal and Opposition, that due to supposed "civil rights violations," the amount in controversy meets the required threshold. *See* Notice of Removal, ECF No. 1 at 2; Opposition, ECF No. 7 at 2. However, as mentioned previously, this argument is irrelevant as the Defendants are California citizens, where the suit was filed, therefore, the parties lack diversity of citizenship. Thus, the court lacks diversity jurisdiction, and the case must be remanded.

## III. REMOVAL WAS IMPROPER WITHOUT CONSENT OF ALL DEFENDANTS

Another jurisdictional issue is whether Lawrence Young and Evangelina Young "are parties" to the action who must have consented to the removal for it be proper. The right to remove a case from state to federal court is vested exclusively in "the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). "And pursuant to the so-called 'unanimity rule,' '[w]hen a civil action is removed solely under . . . [section] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Rosset v. Hunter Engineering Co.*, No. C 14-01701 LB, 2014 WL 3569332, at *4 (N.D. Cal. July 17, 2014). It is not clear that Lawrence Young and Evangelina Young were served with the Complaint. *See* Notice of Removal, ECF No. 1. If Plaintiff did not serve them with the Complaint then they would not be required to file consents to removal pursuant to section 1441(a). They were named as defendants in the Complaint and the Notice of Removal, however, which could be enough under section 1441(a) to require that they provide consents to removal. The parties did not address this issue. The court does not need to reach the issue because it can remand on other grounds.

## IV. PLAINTIFF DID NOT PROPERLY CHALLENGE REMOVAL

Filing a motion to remand is the proper way to challenge removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Remand to state court may be ordered either for lack of subject-matter jurisdiction or, upon the timely filing of a motion to remand, for any defect in removal procedure. 28 U.S.C. § 1447(c). A motion to remand based on any defect other than subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal, but

C 14-03170 LB
ORDER; REPORT AND RECOMMENDATION

1    the court may consider whether it has subject-matter jurisdiction over a case at any time. *Id.*  When

2    the court's subject-matter jurisdiction is at issue, the court may remand sua sponte or on motion of a

3    party, and the party who invoked the federal court's jurisdiction has the burden of establishing it.

4    *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Emrich v. Touche*

5    *Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257

6    U.S. 92, 97 (1921)).

7            Although Plaintiff did not properly challenge removal by filing a motion to remand and

8    instead filed an opposition to Defendants' Notice of Removal, the court can remand this case to state

9    court because it lacks federal question and diversity jurisdiction.  Therefore, the court may remand

10   this case sua sponte because it lacks subject-matter jurisdiction.

## CONCLUSION

12           Based on the foregoing, the court **ORDERS** the Clerk of the Court to reassign this action to a

13   district judge, and **RECOMMENDS** that the newly-assigned district court judge **REMAND** the

14   action to Contra Costa County Superior Court.

15           Any party may file objections to this Report and Recommendation with the district judge within

16   fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

17   N.D. Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the issue in the

18   district court.

19           **IT IS SO ORDERED.**

20   Dated: October 9, 2014

21                                                     _____
                                                       LAUREL BEELER
22                                                     United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California