UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-W3,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA YOUNG, *et al.*,<br><br>    Defendants. | No. C-14-3170 EMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**(Docket No. 9)** |

On October 9, 2014, Magistrate Judge Beeler issued a report and recommendation recommending that this case be remanded to Contra Costa County Superior Court. *See* Docket No. 9. The Court now **ADOPTS** Judge Beeler's well-reasoned report and recommendation, and **ORDERS** this case remanded to state court.

The Court does, however, add two of its own observations regarding its decision to remand this action. First, the Court finds that the second prong of 28 U.S.C. § 1443(1) does not apply here. That section provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that "cannot [be] enforce[d]" in the state courts. *See* 28 U.S.C. § 1443(1); *see also City of Greenwood, Miss v. Peacock*, 384 U.S. 808, 824-28 (1966). Here, the removing Defendant has made no showing that she cannot adjudicate her racial discrimination claims in state court, even if those claims arise under federal law. As the Supreme Court has explained, "[u]nder our system of dual sovereignty,

we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) (citations omitted).  Nor has Defendant made a showing that she cannot present her due process claims regarding the alleged constitutional infirmity of section 128.7 of the California Code of Civil Procedure to the state court for resolution.  Again, state courts are "presumptively competent" to adjudicate federal claims – the Court can see no reason why the state court would not uphold Defendants' due process argument should it turn out to be meritorious.  *See id.*

The Court also observes that irrespective of whether the amount in controversy exceeds $75,000 here, diversity jurisdiction is not available in this case for a simple reason: Where the removing party is resident in the state where the state court action was filed, there is no basis for removal for diversity jurisdiction.  *See* 28 U.S.C. § 1441(b); *see also Spencer v. U.S. District Court for Northern District of California*, 393 F.3d 867, 870 (9th Cir. 2004) (explaining that "the presence of a local defendant at the time removal is sought bars removal") (citation omitted).  Thus, removal jurisdiction cannot be premised on this ground even if Defendant is correct that the amount in controversy exceeds $75,000 – a doubtful contention.

This order disposes of Docket No. 9.

IT IS SO ORDERED.

Dated:  December 23, 2014

_____
EDWARD M. CHEN
United States District Judge